## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

               Plaintiff,

v.

KENNETH F. CLEGG, JR.,

               Defendant.

Case No. 3:14-cr-122

Judge Thomas M. Rose

---

## ORDER DENYING DEFENDANT KENNETH F. CLEGG, JR.'S MOTION TO DISMISS THE INDICTMENT PURSUANT TO FED. R. CRIM. P. 12 (DOC. 21)

---

Before the Court is Defendant Kenneth F. Clegg, Jr.'s Motion To Dismiss The Indictment Pursuant To Fed. R. Crim. P. 12 ("Motion to Dismiss") (Doc. 39).   For the reasons stated below, the motion is denied.

## BACKGROUND

On August 12, 2014, a grand jury indicted Defendant Kenneth F. Clegg, Jr. ("Clegg") on three counts under the Gun Control Act of 1968, 18 U.S.C. § 921, *et seq.*   (Indictment, Doc. 21.) Counts One and Two are for alleged violations of 18 U.S.C. § 922(g)(1), which prohibits a person who has been convicted of a crime punishable by imprisonment for more than one year from knowingly possessing, in or affecting interstate commerce, a firearm.   (*Id*. at 1-2.)   Count Three is for an alleged violation of 18 U.S.C. § 924(a)(1)(A), which prohibits knowingly making a false statement or representation with respect to information required to be kept in the records of a person, such as a gun dealer, that is licensed under the Gun Control Act.   (*Id.* at 2.)   As to Count Three, the United States specifically alleges that Clegg knowingly and falsely represented that he

1

had not been convicted of a crime punishable by imprisonment for more than one year on a form that he submitted to a gun shop in Sidney, Ohio.   (*Id.*)

On March 2, 2015, Clegg filed a Stipulation Re: Prior Conviction stating that, on the dates that he allegedly violated Section 922(g)(1) by unlawfully possessing a firearm, Clegg "had been previously convicted in a court of the United States of America of a crime which was classified as a felony and punishable under the laws of the State of Ohio by a term of imprisonment exceeding one year, and which did not pertain to antitrust violations, unfair trade practices, restraints of trade, or other similar offenses relating to the regulation of business practices."   (Doc. 36 at ¶ 1.)   Thus, Clegg does not dispute the fact that he has been convicted of a crime punishable by imprisonment for more than one year – one of the required elements of each of the charges against him.   The United States submitted court documents showing that Clegg had prior convictions for Burglary under Ohio Rev. Code § 2911.12, Possession of Drugs under Ohio Rev. Code § 2925.11(A)(C)(1)(b), and Carrying a Concealed Weapon under Ohio Rev. Code § 2923.12(A). (Docs. 40-1, 40-2.)   Clegg has not disputed the authenticity of these documents.

On March 30, 2015, Clegg filed the Motion to Dismiss the Indictment, which is now before the Court.   (Doc. 39.)   Clegg's sole argument in the Motion to Dismiss is that he cannot be found guilty under any of the counts against him because his prior convictions are excluded from the definition of the term "crime punishable by imprisonment for a term exceeding one year" under 18 U.S.C. § 921(a)(20).   Section 921(a)(20) states, in pertinent part, that "[a]ny conviction which has been expunged, or set aside or for which a person has been pardoned or has had civil rights restored shall not be considered a conviction for purposes of [the Gun Control Act], unless such pardon, expungement, or restoration of civil rights expressly provides that the person may not ship, transport, possess, or receive firearms."   18 U.S.C. § 921(a)(20) (emphasis added).   Clegg argues

2

that he has not been convicted of a "crime punishable by imprisonment for a term exceeding one year" because his civil rights to vote, hold office and serve on a jury were restored under Ohio law (the law of the state in which he was convicted). (Doc. 39 at 3, citing Ohio Rev. Code § 2961.01(A)(2) and Ohio Rev. Code § 2967.16(C)(1).)

On April 20, 2015, the United States filed an opposition to the Motion to Dismiss. (Doc. 40.) The United States argues that, under controlling Sixth Circuit precedent, the Court must look to the whole of state law to determine if Clegg's civil rights have been restored without a restriction on his rights relating to firearms. (*Id.* at 3-6.) The United States argues that the restoration of Clegg's civil rights was subject to such a restriction under Ohio Revised Code § 2923.13, and, therefore, Clegg's prior conviction is not excluded from the definition of a "crime punishable by imprisonment for a term exceeding one year." As a result, he may be prosecuted for violation of Sections 922 and 924 of the Gun Control Act.

On April 26, 2015, Clegg filed a reply in response to the United States' Opposition, which asked the Court to depart from Sixth Circuit precedent and adopt an approach taken by other Circuits. (Doc. 43 at 2-3.) As discussed below, the Court must follow the Sixth Circuit's controlling precedent and, as a result, Clegg's Motion to Dismiss is denied.

## LEGAL STANDARD

Clegg moves to dismiss the Indictment pursuant to Rule 12 of the Federal Rules of Criminal Procedure, which states that a "party may raise by pretrial motion any defense, objection, or request which is capable of determination without the trial of the general issue may be raised before trial by motion." Fed. R. Crim. P. 12(b)(1). The Federal Rules of Criminal Procedure "clearly envision that a district court may make preliminary findings of fact necessary to decide the questions of law presented by pre-trial motion so long as the court's findings on the motion do not

invade the province of the ultimate finder of fact." *U.S. v. Jones*, 542 F.2d 661, 664 (6th Cir.

1976).   A defense raised in a motion to dismiss an indictment is "capable of determination if trial

of the facts surrounding the commission of the alleged offense would be of no assistance in

determining the validity of the defense." *Id*. (citing *United States v. Covington*, 395 U.S. 57, 60

(1969)).

It is well established that "an indictment is sufficient if it, first, contains the elements of the

offense charged and fairly informs the defendant of the charges against which he must defend and,

second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same

offense." *Hamling v. United States*, 418 U.S. 87, 117 (1974).   When considering a motion to

dismiss an indictment, "the [c]ourt must view the [i]ndictment's factual allegations as true, and

must determine only whether the indictment is valid on its face." *Costello v. United States*, 350

U.S. 359, 363 (1956).   Thus, to the extent any factual issues exist, the Court must resolve them in

favor of the indictment.

## ANALYSIS

Clegg argues that he is not subject to prosecution under Sections 922(g)(1) and

924(a)(1)(A) of the Gun Control Act because his prior convictions are excluded from the

definition of a "crime punishable by imprisonment for a term exceeding one year" under Section

921(a)(20).   (Doc. 39 at 3-4.)   Section 921(a)(20) of the Gun Control Act states:

The term "crime punishable by imprisonment for a term exceeding one year" does
not include –

(A)      any Federal or State offenses pertaining to antitrust violations,
unfair trade practices, restraints of trade, or other similar offenses relating to
the regulation of business practices, or

(B)      any State offense classified by the laws of the State as a
misdemeanor and punishable by a term of two years or less.

4

What constitutes conviction of such a crime shall be determined in accordance with the law of the jurisdiction in which the proceedings were held.   Any conviction which has been expunged, or set aside or for which a person has been pardoned or has had civil rights restored shall not be considered a conviction for purposes of this chapter, unless such pardon, expungement, or restoration of civil rights expressly provides that the person may not ship, transport, possess, or receive firearms.

18 U.S.C. § 921(a)(20).   Clegg argues that his prior convictions are excluded under the last paragraph of Section 921(a)(20) because the civil rights that he forfeited as a result of his convictions have been restored, and the restoration of those civil rights did not expressly provide that he may not "ship, transport, possess, or receive firearms."

Clegg's prior convictions were under Ohio law; thus, Ohio law governs whether or not the civil rights forfeited due to those convictions have been restored.   18 U.S.C. § 921(a)(20) ("What constitutes conviction of [a crime punishable by imprisonment for a term exceeding one year] shall be determined in accordance with the law of the jurisdiction in which the proceedings were held."). Clegg asserts that his right to vote was restored under Ohio Rev. Code § 2961.01(A)(2), and that his rights to hold office and serve on a jury were restored under Ohio Rev. Code § 2967.16(C)(1). Clegg then argues that, since neither of those statutes place any restriction on his right to ship, transport, possess, or receive firearms, his convictions are excluded from the definition of a "crime punishable by imprisonment for a term exceeding one year" under 18 U.S.C. § 921(a)(20).

The United States argues that, while certain of Clegg's civil rights may have been restored, his convictions are not within Section 921(a)(20)'s exclusion because his right to possess a firearm is restricted under Ohio law, although under a different statute than those that restored his civil rights.   Specifically, because Clegg was convicted of "a felony offense of violence" (i.e., burglary) and "illegal possession of a drug of abuse," the United States argues that Clegg is

5

prohibited from possessing a firearm under Ohio Rev. Code § 2923.13(A)(2) and (3).   Clegg does not dispute that his firearm rights are restricted under this Ohio statute, but instead argues that this statute should not be part of the Court's analysis.   The question, therefore, is whether in determining if the restoration of Clegg's civil rights "expressly provides that [he] may not ship, transport, possess, or receive firearms" under 18 U.S.C. § 921(a)(20), the Court should look exclusively to the Ohio statutes that restored those rights or to the whole of Ohio state law.

In *United States v. Cassidy*, 899 F.2d 543 (6th Cir. 1990), the defendant, Cassidy, had a prior conviction for marijuana trafficking under Ohio law and was charged with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1).   *Id.* at 544.   Upon completion of his sentence for marijuana trafficking, Cassidy had received a "Restoration of Rights" certificate from the Ohio Adult Parole Authority.   *Id.*   The certificate purported to restore "the rights and privileges forfeited by conviction; namely the right to serve on juries and to hold office of honor, trust, or profit," but was silent as to Cassidy's rights relating to firearms.   *Id.* at 544-45.   Cassidy argued that his prior conviction (which formed the basis for the felon-in-possession charge against him) fell outside the definition of a "crime punishable by imprisonment for a term exceeding one year" under Section 921(a)(20).   *Id.*   Although the certificate restoring Cassidy's rights was silent on the issue of his firearms rights, the United States argued that Cassidy was outside Section 921(a)(20)'s exclusion because Cassidy was prohibited from carrying a firearm under Ohio Rev. Code § 2913.13.   *Id.* at 550 n. 15.   The questions before the Sixth Circuit were (1) which civil rights must be restored to constitute a "restoration of civil rights" under Section 921(a)(20), and (2) "whether Congress intended that a court look only to the document, if any, tendered to a felon upon release to determine whether his civil rights have been restored and whether there is an express limitation on his firearms privileges."   *Id.* at 546.

6

After an in-depth analysis of the statute and its legislative history, the Sixth Circuit held that "more than a *de minimis* quantity of civil rights" – which included the rights to vote, seek and hold public office, and serve on a jury – must be restored for there to be a "restoration of civil rights" under Section 921(a)(20). *Id.* at 549. Second, and of direct relevance to the question presented here, the Sixth Circuit held:

> [I]f a "convicted felon" has his civil rights restored by operation of state law, with or without a certificate or order documenting the event, we must look to the whole of state law of the state of conviction to determine whether the "convicted felon" is entitled to vote, hold public office and serve on a jury and also whether the "convicted felon" is entitled to exercise the privileges of shipping, transporting, possessing or receiving a firearm.

*Cassidy*, 899 F.2d at 549. Applying the law to the facts in *Cassidy*, the Sixth Circuit held that Cassidy's conviction was not within Section 921(a)(20)'s exclusion because, although there was restoration of Cassidy's civil rights, he was still "expressly restricted under state law from possessing a firearm." *Id.* at 550. Accordingly, Cassidy was subject to prosecution under 18 U.S.C. § 922(g)(1) as a felon in possession of a firearm, despite the Restoration of Rights certificate that he received. *Id.*

The Sixth Circuit's holding in *Cassidy* is controlling here. Clegg argues – just as Cassidy argued before the Sixth Circuit – that his civil rights have been restored and, therefore, his convictions are excluded from the definition of a crime punishable by imprisonment for more than one year under Section 921(a)(20). Evaluating the whole of Ohio state law as directed by the Sixth Circuit, however, Clegg's firearms rights are restricted under Ohio Rev. Code § 2913.13 – the same Ohio statute that restricted Cassidy's rights. As a result, Clegg's convictions are not within Section 921(a)(20)'s exclusion and he is subject to prosecution under 18 U.S.C. §§ 922(g)(1) and 924(a)(1)(A).

7

Clegg concedes that he cannot prevail on his Motion to Dismiss if the Court follows the Sixth Circuit's decision in *Cassidy*.   (Doc. 43 at 2-3.)   He therefore urges the Court to depart with this controlling precedent and follow the Fifth Circuit's approach to interpreting Section 921(a)(20), which focuses more narrowly on the specific sources that restored the convicted felon's rights.   (Doc. 39 at 6-7 (asserting that the D.C. Circuit and Seventh and Ninth Circuits take a similar approach as the Fifth Circuit).)   Clegg does not argue that *Cassidy* is not good law.   As noted by the United States, the Sixth Circuit reaffirmed its holding in *Cassidy* by applying it in *United States v. Zellars*, 334 Fed. Appx. 742, 744 (6th Cir. 2009).   Instead, Clegg argues that the Sixth Circuit's decision in *Cassidy* is inconsistent with recent Supreme Court and Sixth Circuit caselaw, which he argues has strengthened the right to keep and bear arms under the Second Amendment of the United States Constitution.   (Doc. 39 at 8, citing *McDonald v. Chicago*, 561 U.S. 742 (2010); *D.C. v. Heller*, 554 U.S. 570 (2008); *Tyler v. Hillsdale County Sheriff's Dept.*, 775 F.3d 308 (6th Cir. 2014).)   None of the cases cited by Clegg address the meaning or constitutionality of the provisions of the Gun Control Act at issue in *Cassidy* or in this case.   The Court therefore declines Clegg's invitation to depart from the Sixth Circuit's holding in *Cassidy*, and must deny his Motion to Dismiss.

## **CONCLUSION**

Clegg's Motion To Dismiss The Indictment Pursuant To Fed. R. Crim. P. 12 (Doc. 39) is DENIED.

**DONE** and **ORDERED** in Dayton, Ohio, this Wednesday, May 20, 2015.

s/Thomas M. Rose

_____

THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE

8