# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

          Plaintiff,    :    Case No. 3:14-cr-122
                                Also 3:19-cv-232

                                District Judge Thomas M. Rose
- vs -                         Magistrate Judge Michael R. Merz

KENNETH CLEGG, JR.,

          Defendant.    :

## ORDER FOR ANSWER

This criminal case is before the Court on Defendant Kenneth Clegg's Motion to Vacate under 28 U.S.C. § 2255 (ECF No. 71). The Motion is before the Court for initial review pursuant to Rule 4(b) of the Rules Governing § 2255 Proceedings which provides:

> The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States to file an answer, motion, or other response within a fixed time, or take other action the judge may order.

Section 2255 motions are automatically assigned to the District Judge who handled the trial case. All § 2255 motions at the Dayton seat of court are referred to the undersigned pursuant to General Order Day 13-01.

1

Clegg was indicted August 12, 2014, of being a convicted felon in possession of a Smith & Wesson model SW9VE firearm (Count One), of a DPMS model A-15 rifle (Count Two), and of making a false statement and representation on an ATF Form 4473 that he had not been previously convicted of a crime punishable by more than one year's imprisonment (Count Three)(Indictment, ECF No. 21). On March 2, 2015, Clegg stipulated that as of April 15 and April 17, 2014, he had been convicted of a felony under Ohio law (ECF No. 36). Thereafter on March 30, 2015, Clegg through counsel filed a Motion to Dismiss on the ground that he had theretofore been "properly restored to his civil rights under the law. . . ." (ECF No. 39). Finding the Sixth Circuit's decision in United States v. Cassidy, 889 F.2d 543 (6th Cir. 1990), to be controlling, Judge Rose denied the Motion to Dismiss (ECF No. 45). On July 13, 2015, Clegg pleaded guilty to Count Two (Minutes, ECF No. 51; Plea Agreement, ECF No. 54). On October 21, 2015, Judge Rose sentenced Clegg to sixty months' imprisonment (Judgment, ECF No. 61).

Clegg appealed and the Sixth Circuit affirmed on the basis of *Cassidy*. *United States v. Clegg*, 654 FedApp'x 686, 2016 WL 3595718, 2016 U.S. App. LEXIS 12162 (6th Cir. June 29, 2016), *cert. denied sub nom. Clegg v. United States*, 137 S. Ct. 629 (2017).

Clegg filed his Motion to Vacate here on August 5, 2019, pleading the following grounds for relief:

> **Ground One**: My core civil rights were restored to me upon release from post release control.
>
> **Supporting Facts:** After serving my sentence and completing post release control, l received a certificate reinstating my core civil rights, without any type of privileges forbidden. At this point I believed that I was freed from any firearms disability. a belief that was reinforced not once but three times. First by a local police officer on a traffic stop who ran my information and allowed me to drive away without incident and two firearms in the bed of my truck. A second time months later, the same officer stopped me again

without incident, and again with a firearm in my truck. A third report was written when l happened to walk by a county sheriff, we talked cordially. He recorded my information and let me walk away with a pistol holstered to my hip. Any one of these innocent interactions would bolster any man's belief in his right to do so.

**Ground Two:** In a prosecution under § 922(9) and § 924(a)(2), the government must prove that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possesing [sic] firearms.

**Supporting Facts:** From the start of this case I have maintained that my rights had been restored. Nothing was said or done by anyone involved was intended to correct this thought. Several reported police interactions affirmed this belief. On June 21 , 2019 The Supreme Court of the United States, in Case No. 17-9560 held that a defendant must be aware he is in the relevant category of barred persons. My actions in evidence of reportedly civil incidents recorded by local law enforcement, leading up to this case are more than apparent that I lacked any wrongful or nefarious intent. As Justice Breyer states in his opinion of the court, "his (the defendant) behavior may instead be an innocent mistake to which criminal sanctions normally do not attach."

(Motion, ECF No. 71, PageID 233-34.

**Statute of Limitations**

Question 18 on the standard form for § 2255 motions asks a defendant to explain why the one-year statute of limitations does not bar the motion if the defendant's conviction became final more than one year before filing. Clegg's conviction became final on direct appeal when the Supreme Court denied certiorari on January 9, 2017, and he did not file until August 5, 2019. In response he relies on 28 U.S.C. § 2244(d)(1)(C). That provision applies only to habeas corpus

3

case brought by persons in state custody. The parallel provision applicable to motions to vacate is 28 U.S.C. § 2255(f)(3) which makes the statute run from

> (3) the date on which the right asserted was initially recognized by the Supreme Court if that right has been newly recognized by the Supreme Court and made retroactive to cases on collateral review;

Clegg relies on *Rehaif v. United States*, 139 S.Ct. 2191 (2019).

It does not plainly appear from the face of the motion, the annexed exhibits, and the prior proceedings in the case that Defendant is not entitled to relief. Accordingly, it is hereby ORDERED that the United States Attorney shall, not later than September 6, 2019, file an answer conforming to the requirements of Rule 5 of the Rules Governing § 2255 Cases. Specifically, said answer shall respond to each allegation made in the Motion, raise any affirmative defenses available to the United States, and state whether Defendant has previously received an evidentiary hearing on any of the matters he now raises or whether he is entitled, in the Government's view, to an evidentiary hearing in this proceeding. The Answer should address the Government's position on Clegg's claim that Rahaif creates a new right which is applicable to cases on collateral review.

Defendant may, not later than twenty-one days after the Answer is filed, file and serve a reply or traverse to the Answer. If the Government files a motion to dismiss, Defendant's time to file a memorandum in opposition will likewise be twenty-one days from service, as provided in S. D. Ohio Civ. R. 7.2(a).

August 6, 2019.

s/ *Michael R. Merz*
United States Magistrate Judge
