**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON**

UNITED STATES OF AMERICA,

        Plaintiff,    :    Case No. 3:14-cr-122
                                        Also 3:19-cv-232

                                        District Judge Thomas M. Rose
   -  vs  -                       Magistrate Judge Michael R. Merz

KENNETH CLEGG, JR.,

        Defendant.    :

## REPORT AND RECOMMENDATIONS

Defendant Kenneth Clegg brought this action under 28 U.S.C. § 2255 to obtain relief from his conviction on one count of being a felon in possession of a firearm in violation of 18 U.S.C § 922(g)(1).

Clegg was indicted for three federal firearms violations August 12, 2014 (Indictment, ECF No. 21). On March 30, 2015, he moved to dismiss the indictment on the basis that he had been properly restored to all his civil rights under law and thus could not be convicted (ECF No. 39). This Court denied that Motion May 20, 2015 (ECF No. 45). On July 14, 2015, Clegg entered into a Plea Agreement with the United States to plead guilty to Count Two of the Indictment in return for dismissal of the remaining charges and an agreement that an appropriate sentence would not be more than sixty-six months, reserving the right to appeal the restoration of rights issue (ECF

No. 54). The Court accepted the Plea Agreement and Clegg's guilty plea pursuant to the agreement and imposed a sentence of sixty months (Judgement, ECF No. 60, 61).

Clegg appealed to the Sixth Circuit which held against him on the reserved question and affirmed his conviction and sentence. *United States v. Clegg*, 654 Fed. Appx. 686 (2016). The United States Supreme Court declined to issue a writ of certiorari on January 9, 2017. *United States v. Clegg,* 137 S. Ct. 629. Clegg filed the instant § 2255 Motion thirty-one months later on August 5, 2019.

The United States defends on a number of grounds, including procedural default, the statute of limitations, and lack of merit (Answer, ECF No. 75, PageID 260). Clegg's Response to Answer does not speak at all to the statute of limitations.

28 U.S.C. § 2255(f) provides

> A one-year statute of limitations shall apply to a motion under this section. The limitations period shall run from the latest of –
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by government action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Clegg's conviction became final on direct appeal when the Supreme Court denied certiorari on January 9, 2017. Thus his time to file under 28 U.S.C. § 2255(f)(1) expired a year later on

2

January 10, 2018, much more than a year before he filed. He does not argue that any of the other subsections of 2255(f) apply. Accordingly, the Motion should be denied as untimely.

The Motion should also be denied because Clegg waived his right to collaterally attack his conviction by a motion under § 2255 when he entered into the Plea Agreement. ¶ 10 of the Agreement provides that Clegg waives any right to file such a motion except for claims of ineffective assistance of counsel or prosecutorial misconduct. No claim of either kind is made in the Motion.

Because the waiver and statute of limitations are each dispositive of the Motion, the Court need not deal with the more complex issues of prosecutorial default and the merits.

**Conclusion**

Based on the foregoing analysis, it is respectfully recommended that the § 2255 Motion be dismissed with prejudice as barred by the statute of limitations and Clegg's waiver in the Plea Agreement. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

October 8, 2019.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by mail. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140, 153-55 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).