# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

        Plaintiff,    :    Case No. 3:14-cr-122
                                        Also 3:19-cv-232

                                          District Judge Thomas M. Rose
  - vs -                           Magistrate Judge Michael R. Merz

KENNETH CLEGG, JR.,

        Defendant.    :

---

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS; NOTICE TO THE CLERK

---

This 28 U.S.C. § 2255 action is before the Court on Defendant's Objections (ECF No. 79 to the Magistrate Judge's Report and Recommendations recommending the Motion be denied ("Report," ECF No. 78). Judge Rose has recommitted the Motion for reconsideration in light of the Objections (ECF No. 80).

The Report recites the history of this litigation:

> Clegg was indicted for three federal firearms violations August 12, 2014 (Indictment, ECF No. 21). On March 30, 2015, he moved to dismiss the indictment on the basis that he had been properly restored to all his civil rights under law and thus could not be convicted (ECF No. 39). This Court denied that Motion May 20, 2015 (ECF No. 45). On July 14, 2015, Clegg entered into a Plea Agreement with the United States to plead guilty to Count Two of the Indictment in return for dismissal of the remaining charges and an agreement that an appropriate sentence would not be more than sixty-six months, reserving the right to appeal the restoration of

1

> rights issue (ECF No. 54). The Court accepted the Plea Agreement and Clegg's guilty plea pursuant to the agreement and imposed a sentence of sixty months (Judgement, ECF No. 60, 61).
>
> Clegg appealed to the Sixth Circuit which held against him on the reserved question and affirmed his conviction and sentence. *United States v. Clegg*, 654 Fed. Appx. 686 (2016). The United States Supreme Court declined to issue a writ of certiorari on January 9, 2017. *United States v. Clegg,* 137 S. Ct. 629. Clegg filed the instant § 2255 Motion thirty-one months later on August 5, 2019.

(Report, ECF No. 78, PageID 288-89. Based on this history, the Report concluded the § 2255 Motion was barred by the statute of limitations and should be denied on that basis. *Id.* at PageID 290. It also concluded Clegg had waived his right to file a § 2255 motion raising this issue in the Plea Agreement and the Motion should be dismissed on that basis as well. *Id.*

**The Statute of Limitations**

The Report stated that Clegg had not discussed the limitations issue. *Id.* In his Objections he states he dealt with this issue in his original Motion at ¶ 18 (Timeliness)where he wrote:

> 28 U.S.C.S. §§ 2244(d)(1)(C) states that the one year limitation shall run from the latest of the date on which the constitutional right was been newly recognized by the Supreme Court. In this case the right would have been asserted by the Supreme Court in Case No. 17-9560 on June 21, 2019, which is well within the one year limitation.

(ECF No. 71, PageID 239). As he makes clear in his Objections, the referenced case is *Rehaif v. United States*, 139 S. Ct. 2191 (2019).

In *Rehaif* the Supreme Court interpreted 18 U.S.C. § 922(g) which provides criminal penalties for certain classes of persons to possess firearms, including aliens who are illegally or unlawfully within the United States. The Court held that the *mens rea* element of the statute –

2

knowingly – applied to knowing whether one was within one of the prohibited classes. However, the only provision of § 922(g) at issue in the case was § 922(g)(5) relating to aliens; the Court expressly declined to express a view "about what precisely the Government must prove to establish a defendant's knowledge of status in respect to other §922(g) provisions not at issue here."

This case involves § 922(g)(1) which proscribes firearm possession by any person "who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year." Clegg clearly comes within that language, having been convicted under Ohio law of burglary and felony drug possession.

On Clegg's appeal in this case, the Sixth Circuit held that its prior published decision in *United States v. Cassidy*, 899 F.2d 543 (6th Cir. 1990), was controlling. *Cassidy* held that Ohio law did not permit persons convicted of violent offenses or felony drug offenses to possess firearms even though their civil rights had been restored. The *Clegg* court followed *Cassidy* and also noted that Mr. Clegg's Final Release provided he was still subject to the disability from possessing a firearm. Slip opinion at 4-5 (ECF No. 65, PageID 213-14).

*Rehaif* does not apply directly to Clegg's case because the Supreme Court disclaimed any opinion about proof needed under the firearms subsection of 922(g). If *Rehaif* did apply, the Government had proof from which a reasonable jury could have concluded that Clegg knew he was within the proscribed class because of the language of his Final Release.

Even if *Rehaif* did apply to this case, Clegg's § 2255 Motion would still be barred by the statute of limitations. § 2255(f)(3) on which Clegg relies restarts the statute of limitations on "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on

collateral review. . ." Nothing in the *Rehaif* decision determines that it is applicable to cases on collateral review.

**Waiver of Collateral Attack**

The Report also concluded Clegg had waived his right to make a collateral attack on his conviction, noting that ¶ 10 of the Plea Agreement provided such a waiver except for allegations of prosecutorial misconduct or ineffective assistance of counsel (Report, ECF No. 78, PageID 290). Clegg argues that because his § 2255 Motion is related to the issue he preserved for appeal, "both legally and morally ¶ 10 of the plea agreement does not apply in the manner the magistrate suggests. As *Rehaif* is an extension of the original issues here, namely the motion to dismiss, I believe that my right to appeal this issue further is supported and timely." (Objections, ECF No. 29, PageID 293.

In the Plea Agreement at ¶ 1, Clegg "reserves any right he may have to seek appellate review of the Court's Decision and Entry Overruling Defendant's Motion to Dismiss, filed on or about May 20, 2015." (ECF No. 54, PageID 158, referencing ECF No. 45). Then at ¶ 10 he waives his right to appeal "except that Defendant retains the right to appeal (1) as set forth in ¶ 1 of this plea agreement;" *Id.* at PageID 163. The waiver of the right to collaterally attack the conviction is absolute with no reservation of the right to make the same attack made in the Motion to Dismiss or related issues.

Clegg's time limit on right to appeal from the denial of the Motion to Dismiss began to run when the Court entered judgment on October 21, 2015 (ECF No. 61). His counsel timely filed a Notice of Appeal on November 2, 2015 (ECF No. 63). That was the right to appeal preserved in

4

the Plea Agreement. The United States did not agree to any other appeal right reservation. For example, if the Notice of Appeal had been untimely, the Government would have been entitled to have it struck on that basis, even if it raised the same issue as in the Motion to Dismiss. In other words, Clegg had only one right to appeal to be reserved and he used it. He does not now have a second right to appeal or any right to file a collateral attack.

**Conclusion**

Based on the foregoing analysis, Clegg's Objections should be overruled and the Motion to Vacate should be denied as barred by the statute of limitations and the waiver of collateral attack in the Plea Agreement. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

October 21, 2019.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE TO THE CLERK**

Per instructions from the Defendant (ECF No. 79, PageID 294), the Clerk shall change his address to 1702 North Main Street, Sidney, Ohio 45365.

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by mail. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140, 153-55 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).